HAWTHORNE, Justice
 

 (dissenting).
 

 I adhere to the views expressed in the original opinion, and am unable to understand how the cited articles of the Civil Code have any application to this case.
 

 On Application for Second Rehearing
 

 PER CURIAM.
 

 The majority opinion on rehearing contained the observation that, “The company received all of ihe benefits and all of the profits but yet disavowed any responsibility whatsoever and refused to make any payment after admitting the permanent disability of the assured during the time from January 7, 1939, until August 31, 1939.”
 

 Calling attention to the incorrectness of the asserted admission regarding permanent disability, counsel for defendant, in an application for a second rehearing, say: “ * * * In our original brief, we admitted that Robbert was totally disabled from January to August, 1939, but stated that the fact that he had recovered from his illness conclusively showed that the disability was not permanent and that it had ceased before he made claim for total and permanent disability in July of 1940.” This statement, along with others in the application,-implies that we failed to give consideration to the defense urged that the assured was not permanently disabled within the meaning of the policy.
 

 Regarding this defense the contract recites : “ * * * and such
 
 total disability
 
 shall be presumed to be
 
 permanent
 
 when it is present and has existed continuously for not less than three months; * * *.”
 

 Although the question of permanency was not discussed at length in the majority opinion on rehearing, it was considered in reaching the conclusion announced. In the opinion we said: “Considering the admis
 
 *365
 
 sions in the above referred to stipulations as to assured’s total disability, it is not necessary to further discuss this point. The policy contract likewise provides that disability for a period of three months shall be regarded as total disability.” Obviously, in this last sentence the word “total” was used inadvertently instead of the word “permanent”, for the policy itself provides that the disability shall be presumed to be permanent when it has existed continuously for not less than three months.
 

 As to when the insured is permanently disabled within the intendment of the contractual provision there appear to be two recognized conflicting views (this court had not previously passed upon the point), as is shown by 110 A.L.R. pages 631, et seq. The view which we adopted in rendering the decision herein is well stated on page 631 of that authority as follows: “ * * * that the presumption created by the policy is conclusive, and that a disability which has lasted for the requisite period of time to render it presumably permanent within the meaning of the policy is nonetheless permanent, although it has since terminated; and that consequently an insured who has suffered such disability may, even after the termination thereof, recover benefits therefor as for permanent disability, for the period during which it actually lasted.”
 

 Considered in its entirety the instant policy indicates that the word “permanent”, as contained in the contract, is mot used in the sense of “forever”. Thus, provision is made for the insurer, where disability payments have commenced, to investigate at stated intervals the health of the insured and to cease paying the benefits in the event the total disability ends. But should that event occur, thereby negativing an everlasting disability, the insured is not required to make restitution of the payments received.
 

 A second rehearing is denied.
 

 HAWTHORNE, J., is of the opinion that a rehearing should 'be granted.
 

 McCALEB, J., dissents from the refusal of a rehearing.
 

 LE BLANC, J., dissents from refusal to grant a second rehearing.